FREDERICK RICHTER *vs.* CITY OF ST. PAUL.

June 7, 1882.

**Fees of Sheriff of Ramsey County.**—The provision of Sp. Laws 1876, c. 207, § 3, allowing the sheriff of Ramsey county a fee of one dollar for committing a prisoner to jail, applies to persons committed to the county jail by the municipal court of St. Paul, upon conviction of a violation of city ordinances.

Plaintiff is sheriff of Ramsey county and as such officer it is his duty to receive and keep in the county jail those prisoners committed thereto by the municipal court of St. Paul, upon conviction of violation of city ordinances. This action was brought in the district court for that county to recover from the city of St. Paul $419, fees for receiving 419 prisoners thus committed. The defendant appeals from an order by *Brill,* J., overruling its demurrer to the complaint.

*W. P. Murray,* for appellant.

*O'Brien & Wilson,* for respondent.

MITCHELL, J. By Sp. Laws 1876, c. 207, § 3, the same being Gen. St. 1878, c. 70, § 12, the sheriff of Ramsey county is entitled to a fee of one dollar for "committing a prisoner to jail." This is the same fee that is allowed by the General Statutes to other sheriffs for the same service. The expression "committing to jail" is here evidently used in the sense of receiving into the jail under commitment. This fee is intended to compensate the sheriff for such service, and for the performance of other duties incident to and connected with it; as, for example, those required of him by Gen. St. 1878, c. 120, §§ 10, 11, 18. The statute giving this fee is general, and would clearly include the case of prisoners committed to jail by the municipal

court of St. Paul, under the authority of the city charter and city ordinances, unless there be some other statute taking such cases out of the general rule. The only statute cited, which is claimed to have this effect, is section 4, chapter 12, of the city charter, (Sp. Laws 1874, p. 100,) which provides that "the said city of St. Paul shall be liable to pay for the support and keeping of said prisoners the same charges and allowances as are allowed for the support and keeping of prisoners committed under the authority of the state." The sole object of this was to make the scale of charges allowed for the keeping and support of state prisoners applicable to city prisoners. It has no reference to the service for which the fee of one dollar under consideration is allowed. It works no repeal by implication of the law allowing this fee, for there is nothing inconsistent between the two. The maxim that "the expression of one thing is the exclusion of another" has no application, for the city charter is not the ground of the city's liability. There exists no reason why this fee should not be allowed in one case as well as in the other. The fact that the city is required to pay for the support and keeping of prisoners committed to the county jail under her authority, certainly furnishes no such reason, for the state, through the county, is also required to pay for the support and keeping of state prisoners. There is just the same labor required of the sheriff in the one case as in the other. It is urged that this construction of the statute will give the sheriff an extravagant and unreasonable amount of compensation. If this be true, it would be a good argument to the legislature, but cannot be available before a court, in the face of a plain provision of statute.

Order affirmed.